UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MATTOS,<br><br>        Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE, LLC DBA MR. COOPER; et al.<br><br>        Defendants. | No. 2:24-cv-02508-DJC-DMC<br><br>ORDER |

    Currently before the Court is Defendant Nationstar Mortgage LLC d/b/a Mr. Cooper's Motion to Dismiss (Mot. (ECF No. 3)) Plaintiff Thomas Mattos's Complaint (Compl. (ECF No. 1-5)).  This case concerns the foreclosure of a residential property despite efforts by the self-identified successor in interest to the property to pay the mortgage on the property after the death of the original borrower.  Defendant argues that Plaintiff had no right to the property and that foreclosure was proper.  Because the Court finds that Plaintiff has not established himself as a "borrower" for purposes of the Homeowners Bill of Rights, has not stated a wrongful foreclosure claim, and has not met the "unlawful" or "fraudulent" prongs of the UCL, the Court GRANTS in part the Motion to Dismiss.  However, the Court also finds that Plaintiff has adequately

alleged a cause of action under the UCL's "unfairness" prong and thus DENIES in part the Motion to Dismiss.

I.   **Background**

Plaintiff, Thomas Mattos, is "the rightful and lawful owner" of the residence located at 266 E. Fig Lane, Corning CA 96201 ("Subject Property").[1] (Compl. ¶ 1.) Plaintiff alleges he is the "successor in interest" of the Subject Property following the death of Nancy Mattos. (*Id.* at 1.) In March 2013, Nancy Mattos obtained a home loan of $110,800.00 from Bank of America, N.A., secured by the Subject Property, which was memorialized in a Deed of Trust. (*Id.* ¶ 9.) The Deed of Trust was then assigned twice: first from the Bank of America, N.A. to Fannie Mae (*id.* ¶ 10,) then from Fannie Mae to Defendant, Nationstar Mortgage (*id.* ¶ 11).

In August 2023, Nancy Mattos passed away and Defendant was sent her death certificate via mail. (*Id.* ¶¶ 14, 16.) Plaintiff alleges he was advised that he was the "successor in interest" and wanted to confirm himself as such. (*Id.* ¶ 16.) Plaintiff submitted documents and attempted to make payments on the Loan via phone. (*Id.* ¶¶ 17, 18.) However, Defendant did not accept any payments from Plaintiff since "he was not on the loan." (*Id.* ¶ 18.)

Between August 2023 and October 2023, Defendant continued to send notices to the deceased Nancy Mattos at the Subject Property. (*See id.* ¶ 32.) In January 2024, Defendant recorded a Substitution of Trustee in the records which replaced Reconstruct Company with America West Lender Services, LLC as the trustee under the Deed of Trust. (Mot. at 1.) That same month, a Notice of Default and Election to Sell Under Deed of Trust was recorded. (Compl. ¶ 12.) The Notice reflected that $5,639.73 was past due and owing under the Loan as of January 24, 2024. (Mot. at 2.) This Notice, and the accompanying declaration, lists Nancy Mattos as the "borrower"

---

[1] As an initial matter, the Court notes that there are several inconsistencies in the Plaintiff's pleadings, with regard to both factual allegations and legal citations. Should Plaintiff's attorney amend, the Court suggests ensuring these inconsistencies are fixed. Where applicable, Plaintiff should also state causes of action individually rather than raising them within other causes of action.

2

and represents that Defendant "tried with due diligence" to contact her—a confusing effort given that (1) she had been dead for five months (2) Plaintiff alleged to have sent Defendant's her death certification and (3) Plaintiff had reached out about being confirmed as a successor in interest.  (*See* ECF No. 1-5, Ex. D at 5.)

In April 2024, a Notice of Trustee's Sale was recorded, the sale date was set for May 28, 2024, and the Subject Property was sold on that date.  (Compl. ¶ 13.)  A Trustee's Deed Upon Sale was recorded on June 25, 2024, reflecting the foreclosure of the Subject Property and transfer of interest in the Subject Property to Black Rock Real Estate Investments, LLC.  (Mot. at 2.)

Plaintiff now seeks compensatory and injunctive relief from Defendant based on several causes of action.  First, Plaintiff alleges three violations of the California Homeowners Bill of Rights: sections 2923.5, 2924.9, and 2924.11.  Plaintiff also brings causes of action for wrongful foreclosure, violations of the California Business and Professions Code Section 17200, and a cancellation of instruments.

This action was initially filed in the Superior Court of the State of California, County of Tehama.  (*See* ECF No. 1 at 1).  Defendant removed the matter to this Court on diversity jurisdiction grounds and now moves to dismiss the complaint.[2]  (*Id.*)  The parties submitted a joint motion to submit the pleadings without oral argument.  (ECF No. 9).  The Court granted the request pursuant to Local Rule 230(g).  (ECF No. 10.) [3]

////

////

---

[2] Although Plaintiff does not challenge the Court's jurisdiction, the Court finds that diversity jurisdiction is satisfied here because (1) complete diversity exists and (2) the amount in controversy appears to exceed $75,000.  Plaintiff does not dispute that the amount in controversy is met.  *See Dark Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83 (2014) ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount in controversy allegation should be accepted when not contested by the plaintiff or questioned by the court.").

[3] Defendant requests judicial notice of several documents located in the Official Records of the Tehama County Recorder's Office.  The Court GRANTS the request as to the Deed of Trust recorded in the Official Records (ECF No. 4-1) which is also incorporated into the Complaint by reference (*see* ECF No. 1-5, Ex. A).  The Court need not consider the other documents contained in the request for judicial notice, and the remainder of the request is DENIED on that basis.

## II. Motion to Dismiss for Failure to State a Claim

### A. Legal Standard

A party may move to dismiss "for failure to state a claim upon which relief can be granted." Fed. R. Civ. P.12(b)(6). The motion may be granted only if the complaint lacks a "cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.,* 521 F.3d 1097, 1104 (9th Cir. 2008). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019). However, if the complaint's allegations do not "plausibly give rise to an entitlement of relief" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations." *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible. *Iqbal,* 556 U.S. at 678. In the same vein, conclusory or formulaic recitations of elements do not alone suffice. *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.[4]

Generally, "a district court may not consider any material beyond the pleadings in ruling on a 12(b)(6) motion." *Lee v. City of Los Angeles,* 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted), *overruled on other grounds by Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002). If a court considers evidence outside the pleadings on a Rule 12(b)(6) motion, it must "normally convert the 12(b)(6) motion into a Rule 56 motion for summary judgment, and it must give the nonmoving an

---

[4] The Defendant moves to dismiss on both 12(b)(1) and 12(b)(6) grounds. However, given the nature of the arguments presented, the Court finds that the instant Motion is most appropriately resolved under Rule 12(b)(6). *See e.g., Lawrence v. Cenlar F.S.B.,* No. 1:22-cv-01627-JLT-CDB, 2024 WL 4093227, at *2 (E.D. Cal. Sept. 5, 2024); *Marasigan v. MidFirst Bank,* No. 3:23-cv-00634-H-MMP, 2023 WL 3470128, at *1–2 (S.D. Cal. May 15, 2023).

4

opportunity to respond." *United States v. Ritchie,* 342 F.3d 903, 907–08 (9th Cir. 2003). That said, the court may consider "documents attached to the complaint, documents incorporated by reference in the complaint or matters of judicial matters – without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908 (citation omitted).

### B. First, Second and Third Causes of Action: HBOR Claims

The California HBOR was enacted in response to the ongoing mortgage foreclosure crisis in 2012. *Morris v. JP Morgan Chase Bank, N.A.*, 78 Cal. App. 5th 279, 295 (2022). The HBOR "is principally designed to ensure that 'as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or alternatives to foreclosure.'" *Id.* (quoting Cal. Civ. Code § 2923.4). Plaintiff raises three causes of action based on separate statutory violations of the HBOR. First, Plaintiff alleges a violation of section 2923.5 for failing to notify the homeowner about possible foreclosure and waiting thirty days after notice to record a notice of default. Second, Plaintiff alleges a violation of section 2924.9, for failure to provide the homeowner with foreclosure alternatives. Lastly, Plaintiff alleges a violation of section 2924.11 for dual tracking.

The first issue the Court considers is whether the Plaintiff is a "borrower" for purposes of bringing these causes of action under the HBOR. *See id.* at 297 (analyzing first whether the plaintiff met the statutory definition of a "borrower" to bring claims that were limited to borrowers under the HBOR). Not all parties may bring causes of action under the HBOR. Section 2920.5 defines "borrower" for purposes of several HBOR sections[5] as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure

---

[5] The definition of "borrower" applies to sections 2923.4, 2923.5, 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, 2924.18 and 2924.19. *See* Cal. Civ. Code § 2920.5(c)(1).

5

1  prevention alternative program offered by, or through, his or her mortgage servicer."
2  Cal. Civ. Code § 2920.5(c)(1).  Here, Plaintiff alleges that he is the successor in interest
3  to the Subject Property and is therefore permitted to bring suit under the HBOR.
4       The HBOR previously included a provision specifically granting successors in
5  interest certain rights.  *See Mazzone-Urie v. OneWest Bank FSB,* No. 3:21-cv-06075-
6  EMC, 2024 WL 4894288, at *6 (N.D. Cal. Nov. 25, 2024) (explaining the rights a
7  successor in interest previously had under the HBOR).  However, that section was
8  repealed in January 2020.  Cal. Civ. Code § 2920.7 (2019).  Since then, district courts
9  within the Ninth Circuit have held that a successor in interest does not have standing
10 under the HBOR to bring certain causes of action.  *See e.g., Mazzone-Urie,* 2024 WL
11 4894288, at *6 (discussing that the plaintiff was not a "borrower" for purposes of her
12 HBOR claim because the rights plaintiff had as a successor in interest were repealed);
13 *Duarte v. Rushmore Loan Mgmt. Servs., LLC,* No. 5:23-cv-01101-MCS-KK, 2023 WL
14 9420443, at *3 (C.D. Cal. Dec. 5, 2023) (rejecting Plaintiff's argument that he can bring
15 an HBOR claim under section 2924.9(a) as a successor in interest based on the more
16 expansive definition of "borrower" used in a different section); *Marasigan v. MidFirst*
17 *Bank,* 2023 WL 3470128, at *3 (finding that plaintiff, a successor in interest, did not
18 have standing to bring HBOR claims under section 2923.5 or 2924.9 because she was
19 not a borrower under the plain language of the statute).  The Court also finds it
20 informative that the HBOR expands the definition of "borrower" to encompass
21 successors in interest in certain provisions but has not done so with respect to the
22 causes of actions brought by the Plaintiff here.  *Compare* Cal. Civ. Code § 2929.5(e)(1)
23 (defining "borrower" for that provision to include "any successor-in-interest of the
24 trustor or mortgagor to the real property").  Given that the Legislature has specified
25 when it intends "borrower" to include successors in interest, its failure to do so for the
26 provisions on which Plaintiff is suing is dispositive.  Because Plaintiff has failed to
27 establish that he is a statutorily recognized "borrower", Plaintiff's claims under the
28 HBOR are dismissed with leave to amend.

6

**C. Fourth Cause of Action: Wrongful Foreclosure Claim**

Plaintiff next brings a cause of action for wrongful foreclosure. Specifically, Plaintiff claims that Defendant wrongfully foreclosed in violation of HBOR sections 2923.5, 2924.9, 2924.1, and in violation of 12 C.F.R. § 1024.41. Wrongful foreclosure "is an equitable action to set aside a foreclosure sale, or an action for damages resulting from that sale, on the basis that the foreclosure was improper." *Sciarratta v. U.S. Bank, Nat'l Ass'n,* 247 Cal. App. 4th 552, 561 (2016). To state a claim for wrongful foreclosure under California law, a plaintiff must allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale was prejudiced or harmed; (3) and in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness, or was excused from tendering. *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015). "[M]ere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Sciarratta,* 247 Cal. App. 4th at 562 (citation omitted). Defendant challenges Plaintiff's claim for failing to meet the necessary elements.

Looking at the first requirement, Plaintiff has not adequately alleged that an "illegal, fraudulent or willfully oppressive sale of real property has occurred." Plaintiff instead summarily states that one took place. To the extent that Plaintiff relies on the HBOR violations he cited above, the Court has not found that those are suitable causes of action which would support a showing that an improper sale occurred.[6] *See e.g., Lawrence,* 2024 WL 4093227, at *6 (explaining that no illegal sale occurred where allegations were based on unsuccessful HBOR claims). Thus, this requirement is not satisfied.

---

[6] In the Complaint Plaintiff also references 12 C.F.R § 1024.41, however that provision does not support the argument that Plaintiff makes. Additionally, in the Opposition, Plaintiff makes allegations of negligence. As these allegations are not in the operative Complaint, the Court does not consider them. Plaintiff may add additional causes of action, should he amend.

7

The Court is also not convinced that tender has been met. The tender rule applies to equitable claims such as wrongful foreclosure and is "premised on the notion that it would be futile to set aside a foreclosure sale on the technical grounds that notice was improper, if the party making the challenge did not first make full tender and thereby establish his ability to purchase property." *Warren v. PNC Bank, Nat'l Ass'n,* 671 F. Supp. 3d 1035, 1047 (N.D. Cal. 2023) (citations omitted). The tender rule also has implications for Plaintiff's ability to bring such a claim. *See Santana v. BSI Fin. Servs., Inc.,* 495 F. Supp. 3d 926, 937 (S.D. Cal. 2020) (analyzing defendant's argument that plaintiffs lacked standing for failure to tender the full amount). To satisfy the tender rule, "a plaintiff seeking to set aside an irregular sale must allege tender of the full amount of the loan to maintain any cause of action that either is based on the wrongful foreclosure allegations or seeks redress from that foreclosure." *Turner v. Seterus, Inc.,* 27 Cal. App. 5th 516, 525 (2018).

California law recognizes some exceptions to the tender rule where: (1) the underlying debt is void; (2) the foreclosure sale or trustee's deed is void on its face; (3) a counterclaim offsets the amount due; (4) specific circumstances make it inequitable to enforce the debt against the party challenging the sale; or (5) the foreclosure sale has not yet occurred. *Chavez v. Indymac Mortg. Servs.,* 219 Cal. App. 4th 1052, 1062 (2013).

Here, Plaintiff does not allege that he tendered the amount on the mortgage. Rather, Plaintiff alleges that he is "excused from the tender requirement because of [Defendant's] violations of" the HBOR. (Compl. ¶ 58.) However, Plaintiff has not shown that the HBOR would apply here such that tender would be excused. *See Lawrence,* 2024 WL 4093227, at *7 (dismissing wrongful foreclosure claim where plaintiffs failed to plead facts demonstrating that they were excused from the tender rule); *compare Santana,* 495 F. Supp. 3d at 948 (denying dismissal of plaintiff's wrongful foreclosure claim where it was premised on an adequately alleged HBOR violation that did not require a showing of tender). Thus, the Court GRANTS

Defendant's Motion to Dismiss as to Plaintiff's wrongful foreclosure claim with leave to amend.

### D. Fifth Cause of Action: Violations of California Business & Professions Code Section 17200 "UCL"

The UCL prohibits any "unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code. § 17200. A defendant violates the UCL if its act is "unlawful," "unfair" or "fraudulent." *See McGarvey v. JP Morgan Chase Bank, N.A.,* No. 2:13-cv-01099 KJM, 2013 WL 5597148, at *7 (E.D. Cal. Oct. 11, 2013) (quoting *Rubio v. Capitol One Bank,* 613 F.3d 1195, 1203 (9th Cir. 2010)). The statute is disjunctive such that "[e]ach prong of the UCL is a separate and distinct theory of liability." *Lozano v. AT&T Wireless Servs., Inc.,* 504 F.3d 718, 731 (9th Cir. 2007). Plaintiff alleges violations under all three prongs. Specifically, Plaintiff claims that Defendant violated the Homeowner Bill of Rights, negligently made false misrepresentations, violated 12 C.F.R. § 1024.41, and misled Plaintiff as to the status of his loan modification and what needed to be done. Defendant argues that Plaintiff lacks standing to bring claims under the UCL and that all three causes of action fail.

#### 1. UCL Standing

Defendant argues that Plaintiff lacks standing because he is not the borrower and because the borrower on the loan, Nancy Mattos, defaulted prior to the Defendant committing any of the alleged business practices. Plaintiff contends that standing exists because he has alleged a loss in a present or future property interest and suffered damages in taking the time and effort to find alternatives to foreclosure.

Standing under the UCL is a two-part inquiry. A party must establish a loss or deprivation of money or property sufficient to qualify as injury in fact and show that the economic injury was the result of the unfair business practice or false advertising that is the gravamen of the claim. *Kwikset Corp. v. Superior Court,* 51 Cal. 4th 310, 322 (2011). "The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of causal connection or reliance on the alleged

9

misrepresentation." *Id.* (citation omitted). For "fraudulent" claims, a plaintiff must allege that the plaintiff actually relied on the purposed misrepresentations. *In re Tobacco II Cases,* 46 Cal. 4th 298, 326 (2009). A plaintiff fails to "satisfy the causation requirement if he or she would have suffered the same harm whether or not a defendant complied with the law." *In re Turner,* 859 F.3d 1145, 1151 (9th Cir. 2017) (citation and quotation marks omitted).

Here, Plaintiff stated an injury in fact through the alleged loss of his home. *See Lueras v. BAC Home Loans Servicing, LP,* 221 Cal. App. 4th 49, 82 (2013) (holding that the sale of a home through foreclosure is "certainly a deprivation of property to which a plaintiff has a cognizable claim."). Plaintiff has also successfully alleged causation for purposes of the "unfair" and "unlawful" UCL prongs. Plaintiff argues that he attempted to take actions to prevent foreclosure on the Subject Property, namely by attempting to make payments on the loan, but that due to Defendant's actions, he was unable to prevent foreclosure. Thus, Plaintiff has tied the economic loss to the Defendant's actions. However, Plaintiff has not established the causation requirement for a fraud claim under the UCL. While the Complaint states that Defendant "negligently made false representations," it does not state that Plaintiff actually relied on them. As such, the Plaintiff does not have standing to bring a UCL fraud claim. *See e.g., Marasigan,* 2023 WL 3470128, at *7 (finding Plaintiff failed to adequately plead standing to bring a UCL fraud claim where the only allegations supporting actual reliance were that defendant "negligently made false representations.").

As to the Defendant's argument that standing fails because Plaintiff caused his own harm through defaulting on the loan, the Court is not convinced that this warrants dismissal. Defendant relies on *Jenkins v. JP Morgan Chase Bank*, where a Plaintiff failed to establish causation because she alleged that she defaulted on her loan, thereby causing her impending foreclosure. 216 Cal. App. 4th 497, 523 (4th Dist. 2013) *disapproved on other grounds by Yvanova v. New Century Mortg. Corp.*, 62 Cal. 4th 919 (2016). Here, however, Plaintiff attempted to make payments prior to when

the Notice of Default was filed.  Moreover, Plaintiff is not the borrower on the loan, has made no allegations of default, and alleges that Defendant behaved improperly leading up to the Notice of Default.  *Compare id.* (describing that the <u>plaintiff borrower</u> defaulted on her loan which triggered the power of sale clause in the deed of trust and it was that which subjected her home to nonjudicial foreclosure not the defendants' alleged wrongful acts) (emphasis added); *Petrey v. Wells Fargo Bank, N.A.,* No. 2:17-cv-00503-TLN-DB, 2018 WL 5099279, at *11–12 (E.D. Cal. Oct. 15, 2018) (dismissing a UCL claim for lack of causation where it was undisputed that <u>plaintiff borrower</u> defaulted on the mortgage payments and not sufficiently pleading a viable theory regarding the impropriety of the default) (emphasis added).  Thus, it is plausible that Plaintiff's loss was the result of Defendant's conduct, rather than Plaintiff's own behavior.  As such, the Plaintiff has standing to bring causes of action under the "unfair" and "unlawful" prongs of the UCL.

### 2. Merits Arguments for the Unlawfulness and Unfairness UCL Claims

Plaintiff first claims that Defendant violated the UCL's "unlawfulness" prong.  The unlawful prong of the UCL requires that the plaintiff sufficiently plead some separate unlawful offense.  *See Rivera v. BAC Home Loans Servicing, L.P.*, 756 F. Supp. 2d 1193, 1200–01 (N.D. Cal. 2010) (citations omitted).  For the reasons stated above, *supra* II.B, Plaintiff has failed to plausibly allege a violation of the HBOR.  Plaintiff also raises, within the UCL cause of action, a violation of 12 C.F.R. § 1024.41.  The Court finds that this allegation is insufficient to plausibly allege a violation of 12 C.F.R. § 1024.41.  *See e.g. Marasigan,* 2023 WL 3470128, at *7 (explaining that plaintiff alleging within a UCL cause of action a violation of 15 U.S.C. § 1641(g) was insufficient under the "unlawful" prong).  Thus, the Court finds that Plaintiff has failed to state a cause of action under the UCL based on any unlawful activity.

Next, Plaintiff claims that the Defendant violated the unfairness prong of the UCL.  The unfairness prong of the UCL provides a cause of action for a business

practice that is unfair even if not proscribed by another law. *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal. 4th 1134, 1143 (2003).  The UCL does not explicitly define "unfair" and the proper definition of unfair conduct against consumers is currently in flux among California courts.  *See Obertman v. Electrolux Home Care Prods.,* 482 F. Supp. 3d 1017, 1027 (E.D. Cal. 2020) ("There is some confusion in the law over the applicable test for 'unfair' conduct.").

Whether conduct is unfair can be determined in one of two ways: (1) by establishing that the conduct offends "some legislatively declared policy" (the "tethering" test) or (2) by weighing the utility of the conduct against the harm to the consumer (the "balancing" test).  *Day v. GEICO Cas. Co.,* 580 F. Supp. 3d 830, 844–45 (N.D. Cal. 2012) (citing *Lozano,* 504 F.3d at 735 and *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012)).   While the California Supreme Court has rejected the balancing test in favor of the tethering test in competitor suits under the UCL, it has failed to clarify whether the tethering test is the sole test that should apply to consumer suits as well.  *Cel-Tech Commc'ns, Inc., v. Los Angeles Cellular Tel. Co.,* 20 Cal. 4th 163, 186–87 (1999); *see Capito v. San Jose Healthcare Sys., LP,* 17 Cal. 5th 273, 284 (2024) ("[T]he standard for determining which business acts or practices are 'unfair' in consumer actions under the UCL is currently unsettled."); *Nationwide Biweekly Admin., Inc., v. Superior Ct. of Alameda County.,* 9 Cal. 5th 279, 303–04 (2020) (acknowledging a split in California courts but declining to address whether the tethering test also applies to consumer suits).

In the absence of such guidance, the Ninth Circuit has endorsed the use of the balancing test for consumer suits but has in practice reviewed unfairness under both the balancing and tethering tests.  *Lozano,* 504 F.3d at 736 (stating that the two tests are not mutually exclusive); *Davis,* 691 F.3d at 1170 (finding that plaintiff failed to state a claim under either the balancing or tethering tests); *see also Doe v. CVS Pharmacy,* 982 F.3d 1204, 1215 (9th Cir. 2020).  While Defendant only addresses the tethering

test and Plaintiff only references the balancing test, in accordance with the Ninth Circuit's instruction, the Court has considered Plaintiff's claim under both standards.

Although not a model of clarity, Plaintiff plausibly alleges an unfair business practice under the "balancing test." Here, Plaintiff alleges that the information provided to him was "certainly misleading and not consistent as to the status of the loan modification and what [he] was supposed to do to satisfy the lender's demands." (Compl. ¶ 9.) Plaintiff contends that he was advised that he was the successor in interest, that a packet would be sent to him, that he submitted all required documents proving he was the successor in interest and attempted to make payments over the phone. (Compl. ¶¶ 17, 18.) While Plaintiff was attempting to be confirmed as the successor in interest, Defendants continued to send letters to the deceased borrower and initiated foreclosure proceedings. The home was ultimately foreclosed on. Defendant's policies resulted in Plaintiff, an individual who plausibly alleges that he followed the proper procedures to take over the loan, losing his principal residence. Defendant's practices may have utility in ensuring that they are communicating with the actual borrower. However, it is unclear how these practices would provide utility to the Defendant such that they would outweigh the harm to the consumer in this instance. Taking these allegations together the Court finds that it is plausible that Defendants engaged in unfair practices.

Given that Plaintiff has stated a cause of action under the balancing test, the Court does not reach the tethering test. Following the Ninth Circuit's decision in *Doe v. CVS Pharmacy,* at least one district court has found that UCL claims may succeed where only the balancing test is met. *See e.g., Schmitt v. SN Servicing Corp.,* No. 3:21-cv-03355-WHO, 2021 WL 5279822, at *7 (N.D. Cal. Nov. 12, 2021) (denying dismissal of a UCL unfairness claim where the balancing test was satisfied but the tethering test failed in a consumer suit). Thus, the Court DENIES Defendant's Motion to Dismiss Plaintiff's UCL unfairness claim.

////

**E. Sixth Cause of Action: Cancellation of Written Instruments**

Lastly, Plaintiff seeks a cancellation of written instruments arguing that the notice of default and notice of trustee's sale are voidable or void ab initio. A "written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or cancelled." Cal. Civ. Code § 3412. To make this showing, a plaintiff must prove "(1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh,* 1 Cal. App. 5th 767, 778 (2016). Essentially, Plaintiff must "plausibly allege that the document Plaintiff wishes to cancel is invalid." *See Marasigan,* 2023 WL 3470128, at *8 (citation omitted).

Here, Plaintiff makes conclusory statements that (1) the instruments are "voidable or void ab initio," (2) Plaintiff would be injured given the violations of HBOR sections, and (3) Plaintiff seeks to cancel the instruments. These allegations are not enough to state a viable claim, especially given the Court's decision to dismiss the HBOR claims. *See Zendejas v. GMAC Wholesale Mortg. Corp.,* No. 1:10-cv-0184 OWW-GSA, 2010 WL 2629899, at *7 (E.D. Cal. June 29, 2010) (finding that merely indicating that instruments are void or voidable without explaining why is insufficient under section 3412); *Marasigan,* 2023 WL 3470128, at *8 (dismissing a cancellation of instruments claim for conclusory statements without accompanying facts). Thus, Plaintiff has failed to allege a cause of action to seek a cancellation of written instruments.

**III. Conclusion**

For the reasons above, the Court GRANTS Defendant's Motion to Dismiss (ECF No. 3) with respect to the First, Second, Third, Fourth, and Sixth causes of action with leave to amend. The Court also GRANTS Defendant's Motion to Dismiss with respect to the Fifth cause of action is it pertains to claims under the UCL's unlawfulness and

fraudulence prongs with leave to amend.  The Court DENIES Defendant's Motion to Dismiss with respect to the Fifth cause of action as it pertains to unfair business practices.  Plaintiff shall file a First Amended Complaint within twenty-one days of this order.

IT IS SO ORDERED.

Dated:   **April 30, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MATTOS24cv02508.mtd