UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS MATTOS, | No. 2:24-cv-02508-DJC-DMC |
| Plaintiff, | |
| v. | ORDER |
| NATIONSTAR MORTGAGE, LLC DBA MR. COOPER, et al., | |
| Defendants. | |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint. Defendant alleges that Plaintiff's claims for violations of the California Homeowner Bill of Rights, wrongful foreclosure, violations of the UCL and cancellation of instruments fail because Plaintiff lacks standing to bring such claims and/or fails to plausibly state claims upon which relief can be granted. For the reasons discussed below, the Court GRANTS Defendant's Motion to Dismiss. Plaintiff is GRANTED leave to amend the claims for wrongful foreclosure, violations of the UCL and cancellation of instruments. Plaintiff is DENIED leave to amend his HBOR claims.

////

////

1

## BACKGROUND

The facts and procedural history are known to the Parties. (*See* April Order (ECF No. 12) at 2–3.) Plaintiff, Thomas Mattos, brings the instant suit against Defendant, Nationstar Mortgage LLC d/b/a Mr. Cooper, following the foreclosure of the property located at 266 E. Fig Lane, Corning, CA 96021 ("the Property"). (*See generally* FAC (ECF No. 13).) Plaintiff alleges that Defendant violated sections 2923.5 and 2924.9 of the California Homeowners Bill of Rights ("HBOR"), wrongfully foreclosed on Plaintiff, and violated the Unfair Competition Law. Plaintiff also seeks a cancellation of written instruments under California Civil Code § 3412. (*Id.*)

This Court previously granted in part Defendant's Motion to Dismiss with leave to amend. (*See* April Order at 1.) Plaintiff then filed a First Amended Complaint. Defendant again moves to dismiss Plaintiff's First Amended Complaint without leave to amend. (Mot. Dismiss (ECF No. 14).) Plaintiff filed an Opposition (Opp'n (ECF No. 17),) and Defendant issued a Reply (Reply (ECF No. 20),). The matter is fully briefed and submitted on the record and briefs of the Parties, without oral argument, under Local Rule 230(g). (ECF No. 23.)

## LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P.12(b)(6). The motion may be granted only if "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008) (citation omitted). The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party." *Steinle v. City & Cnty. S.F.*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted). However, if the complaint's allegations do not "plausibly give rise to an entitlement to relief" the motion must be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" Fed. R. Civ. P. 8(a)(2), not "detailed factual allegations," *Bell. Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  That said, this rule demands more than unadorned accusations; "sufficient factual matter" must make the claim at least plausible.  *Iqbal,* 556 U.S. at 678.  In the same vein, conclusory or formulaic recitations of elements do not alone suffice.  *See id*.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. (citation omitted).[1]

**DISCUSSION**

**I.    HBOR Causes of Action**

In the April Order, the Court held that Plaintiff failed to allege that he was a borrower for purposes of stating claims under HBOR sections 2923.5, 2924.9, and 2924.11.  (April Order at 6.)  In the amendments to the FAC, Plaintiff now attempts to use sections 2929.5(e)(1) and 2920.7 to argue that successors in interest have a right of action under the HBOR.  (FAC ¶ 33, 34.)  Defendant moves to dismiss, contending that Plaintiff's HBOR claims still fail because he is not a "borrower" for purposes of the HBOR.  Plaintiff does not substantively respond to Defendant's argument in his Opposition.

In the April Order, this Court already rejected the argument Plaintiff now puts forth pertaining to section 2920.7.  Specifically, the April Order stated:

> The HBOR previously included a provision specifically granting successors in interest certain rights.  *See Mazzone-Urie v. OneWest Bank FSB,* No. 3:21-cv-06075-EMC, 2024 WL 4894288, at *6 (N.D. Cal. Nov. 25, 2024) (explaining the rights a successor in interest previously had under the HBOR).  **However, that section was repealed in January 2020.  Cal. Civ. Code § 2920.7 (2019).**  Since then, district courts within the Ninth Circuit have held that a successor in interest does not have standing under the

---

[1] The Defendant moves to dismiss on both 12(b)(1) and 12(b)(6) grounds.  But given the nature of the arguments presented, the Court finds that the instant Motion is most appropriately resolved under Rule 12(b)(6).  *See, e.g.*, *Lawrence v. Cenlar F.S.B.,* No. 1:22-cv-01627-JLT-CDB, 2024 WL 4093227, at *2 (E.D. Cal. Sept. 5, 2024); *Marasigan v. MidFirst Bank,* No. 3:23-cv-00634-H-MMP, 2023 WL 3470128, at *1–2 (S.D. Cal. May 15, 2023).

3

> HBOR to bring certain causes of action. *See e.g., Mazzone-Urie,* 2024 WL 4894288, at *6 (discussing that the plaintiff was not a "borrower" for purposes of her HBOR claim because the rights plaintiff had as a successor in interest were repealed); *Duarte v. Rushmore Loan Mgmt. Servs., LLC,* No. 5:23-cv-01101-MCS-KK, 2023 WL 9420443, at *3 (C.D. Cal. Dec. 5, 2023) (rejecting Plaintiff's argument that he can bring an HBOR claim under section 2924.9(a) as a successor in interest based on the more expansive definition of "borrower" used in a different section); *Marasigan v. MidFirst Bank,* 2023 WL 3470128, at *3 (finding that plaintiff, a successor in interest, did not have standing to bring HBOR claims under section 2923.5 or 2924.9 because she was not a borrower under the plain language of the statute). The Court also finds it informative that the HBOR expands the definition of "borrower" to encompass successors in interest in certain provisions but has not done so with respect to the causes of actions brought by the Plaintiff here. *Compare* Cal. Civ. Code § 2929.5(e)(1) (defining "borrower" for that provision to include "any successor-in-interest of the trustor or mortgagor to the real property"). Given that the Legislature has specified when it intends "borrower" to include successors in interest, its failure to do so for the provisions on which Plaintiff is suing is dispositive.

(April Order at 6 (emphasis added).) Plaintiff does not explain how this repealed section can form the basis for a cause of action.

As for section 2929.5(e)(1), the Court is not convinced that the definition there applies. Section 2929.5 discusses hazardous substances and inspections by secured lenders. *See generally* Cal. Civ. Code § 2929.5. The definition of "borrower" that Plaintiff refers to clearly applies only to 2929.5. *See* Cal. Civ. Code § 2929.5(e)(1) (explaining that the section's definition of "borrower" applies "for purposes of this section"). Plaintiff is not alleging a violation of section 2929.5. Thus, this section does not support Plaintiff's claim that he is a borrower for purposes of the HBOR sections he alleges Defendant violated.

Without any other argument or authority supporting Plaintiff's argument that he is the borrower, the Court finds that Plaintiff failed to state a cause of action for

violations of HBOR sections 2923.5 and 2924.9.  Defendant's Motion to Dismiss the HBOR causes of action are GRANTED.  Given that Plaintiff has been given an opportunity to cure this defect and has been unable to do so, Plaintiff will not be given an opportunity to amend.

## II.  Wrongful Foreclosure

Defendant next argues that Plaintiff's wrongful foreclosure claim also fails as it is derivative of the HBOR claims.  (MTD at 8.)  Defendant further argues that without such claims as a predicate, Plaintiff has only set forth conclusory allegations and failed to allege compliance with, or excuse from the tender requirement.  (*Id.*)  Plaintiff argues that the wrongful foreclosure claim should proceed because the sale is void such that the tender rule does not apply.  (Opp'n at 9–10.)

To state a claim for wrongful foreclosure under California law, a plaintiff must allege: "(1) the trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering." *Miles v. Deutsche Bank Nat'l Tr. Co.*, 236 Cal. App. 4th 394, 408 (2015) (citation omitted).  "[M]ere technical violations of the foreclosure process will not give rise to a tort claim; the foreclosure must have been entirely unauthorized on the facts of the case." *Sciarratta v. U.S. Bank Nat'l Ass'n,* 247 Cal. App. 4th 552, 562 (2016) (citation omitted).

To the extent that Plaintiff asserts that Defendant wrongfully foreclosed in violation of HBOR sections 2923.5, 2924.9, and 2924.11[2], the Court finds that those are insufficient bases for the reasons addressed above, *supra* § I.[3]  Plaintiff also cites to

---

[2] Plaintiff references HBOR section 2924.11 but does not bring a cause of action alleging that section of the HBOR was violated in the FAC.

[3] The FAC's various references to RESPA further are insufficiently pled to serve as a basis for liability.

5

HBOR section 2923.55(a) as a basis for the wrongful foreclosure in the FAC. (FAC ¶ 82.) But that section also pertains to "borrowers." Plaintiff has not provided a plausible argument as to how he, as a successor in interest, is considered a borrower for the purposes of that section. In fact, section 2920.5 provides the same definition for borrower as it does for sections 2923.5, 2924.9 and 2924.11.[4] Thus, section 2923.55(a) also does not provide a basis for wrongful foreclosure. Because Plaintiff has failed to assert viable HBOR claims or sufficiently provided allegations to support finding an "illegal, fraudulent, or willfully oppressive sale" occurred, *Miles*, 236 Cal. App. 4th at 408, Defendant's Motion to Dismiss the wrongful foreclosure claim is GRANTED.[5] *See Martinez v. Freedom Mortg. Corp.,* No. 2:24-cv-08716-HDV-MAR, 2025 WL 1712362, at *2 (C.D. Cal. Mar. 20, 2025) (denying a wrongful foreclosure claim where the plaintiff failed to allege a viable HBOR claim and the only allegations about the wrongfulness of the foreclosure referred to defendant's failure to comply with the HBOR).

### III. UCL Claims

Defendant next argues that Plaintiff's UCL claims fail because they are predicated on other failed causes of action and rely on assertions of "negligent conduct" that are not properly supported. (MTD at 10.) Plaintiff contends that the UCL claims are adequately pled. (*See* Opp'n at 12–13.)[6]

The UCL prohibits any "unlawful, unfair or fraudulent business act. . . ." Cal. Bus. & Prof. Code § 17200. A defendant violates the UCL if its act is "unlawful," "unfair" or "fraudulent." *See McGarvey v. JP Morgan Chase Bank, N.A.,* No. 2:13-cv-01099-KJM-

---

[4] Section 2920.5 defines a borrower as "any natural person who is a mortgagor or trustor and who is potentially eligible for any federal, state, or proprietary foreclosure prevention alternative program offered by, or through, his or her mortgage servicer." Cal. Civ. Code § 2920.5.

[5] Plaintiff's arguments that he is excused from tender are inapposite where he has not alleged a basis for wrongful foreclosure.

[6] In the April Order, the Court held that Plaintiff stated a plausible UCL unfairness claim. (April Order at 11–13.) The Court will not address any arguments as to the unfairness prong made in the instant Motion or Opposition.

6

EFB, 2013 WL 5597148, at *7 (E.D. Cal. Oct. 11, 2013) (quoting *Rubio v. Capitol One Bank,* 613 F.3d 1195, 1203 (9th Cir. 2010)).  The statute is disjunctive such that "[e]ach prong of the UCL is a separate and distinct theory of liability[.]" *Lozano v. AT&T Wireless Servs., Inc.,* 504 F.3d 718, 731 (9th Cir. 2007).

As with the previous complaint, Plaintiff has failed to show that Defendant violated an underlying cause of action such that the UCL unlawfulness prong would apply. *See Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,* 20 Cal.4th 163, 180 (1999) ("By proscribing any unlawful business practice, section 17200 borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable.").  Along with the failed HBOR claims, the FAC includes references to Real Estate Settlement Procedures Act (RESPA). (*See* FAC ¶¶ 41–42.)  However, Plaintiff has not sufficiently pled a violation of the RESPA[7] such that the Court could use that as basis to support a UCL unlawfulness claim.

As for the UCL fraud claim, in the April Order, this Court found that Plaintiff had not adequately pled actual reliance on Defendant's alleged fraudulent behavior. (April Order at 10.)  Defendant contends that the Plaintiff has abandoned his UCL fraud claim and again fails to allege actual reliance or conduct that could deceive members of the public. (MTD at 12.)  In the Opposition, Plaintiff appears to argue that he need only describe a scheme to mislead consumers. (Opp'n at 12.)

In the FAC, Plaintiff has included an allegation that as a result of the Defendant's "violations" he suffered the loss of his home.[8]  (FAC ¶ 107.)  Yet the FAC still lacks sufficient information to show actual reliance.  *See Rojas-Lozano v. Google, Inc.,* 159 F. Supp. 3d 1101, 1114 (N.D. Cal. 2016) (finding that plaintiff did not plead

---

[7] Rather, Plaintiff references the RESPA in the general allegations of the FAC.  (*See* FAC ¶¶ 41–42.)

[8] It is also unclear to the Court which "violations" Defendant refers to.  The general allegations focus primarily on the Plaintiff's attempts to become confirmed as a successor in interest.  However, the UCL cause of action mentions the status of a loan modification application.  Should the Plaintiff amend his Complaint, clarification on whether a loan modification application was submitted should be included.

7

actual reliance where plaintiff "failed to allege what she saw, what she believed as a result, [or] how knowledge would impact her behavior. . ."). As it appears to the Court, the allegations supporting the UCL claim reference a loan modification application. However, the general allegations in the FAC indicate that Plaintiff "was not able to apply for loss mitigation or other foreclosure alternatives." (FAC ¶ 38.) As such, it does not appear that Plaintiff was under the impression that he was being evaluated for a loan modification, and thus there is no allegation of reliance on any misstatement. Accordingly, Defendant's Motion to Dismiss Plaintiff's UCL claims as to the unlawfulness and fraudulence prongs are GRANTED with leave to amend.

### IV. Cancellation of Instruments

Lastly, Defendant argues that Plaintiff's cancellation of instruments cause of action fails because it is based on failed HBOR allegations. (MTD at 12–13.) "A written instrument, in respect to which there is a reasonable apprehension that if left outstanding it may cause serious injury to a person against whom it is void or voidable, may, upon his application, be so adjudged, and ordered to be delivered up or canceled." Cal. Civ. Code § 3412. To make this showing, "a plaintiff must prove (1) the instrument is void or voidable due to, for example, fraud; and (2) there is a reasonable apprehension of serious injury including pecuniary loss or the prejudicial alteration of one's position." *U.S. Bank Nat'l Ass'n v. Naifeh,* 1 Cal. App. 5th 767, 778 (2016) (citation omitted).

To the extent that Plaintiff bases his cancellation of instruments claim on HBOR sections 2923.55 and/or 2924.9, the Court has found those claims are not viable. Plaintiff also alleges that Defendant improperly recorded the Notice of Trustee's Sale less than 90 days after recording the Notice of Default in violation of California Civil Code § 2924. (FAC ¶ 116.) However, the FAC has not adequately explained the requirements of that section or how the timing of the recording violates section 2924. As such, the Court cannot find that Plaintiff has plausibly stated a claim for cancellation of instruments and the claim is dismissed with leave to amend.

### V. Leave to Amend

Requests for leave to amend should be granted with "extreme liberality." *Brown v. Stored Value Cards, Inc.*, 953 F.3d 567, 574 (9th Cir. 2020) (citations omitted). When considering whether to grant leave to amend, a district court should consider several factors including undue delay, the movant's bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Of the *Foman* factors, prejudice to the opposing party carries the most weight. *Id.* (citing *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)). Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a <u>presumption</u> under Rule 15(a) in favor of granting leave to amend. *Eminence Cap., LLC*, 316 F.3d at 1052 (emphasis in original) (citing *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)). However, when the district court has already afforded a plaintiff an opportunity to amend the complaint, it has "wide discretion in granting or refusing leave to amend after the first amendment, and only upon gross abuse will [its] rulings be disturbed." *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016) (citations omitted). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990).

Here, the Court cannot conclude that Plaintiff's wrongful foreclosure, UCL, and cancellation of instruments causes of action "could not possibly be cured by the allegation of other facts," *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted), and will accordingly grant leave to amend. That said, the Court notes that this would be the second time Plaintiff is granted leave to amend, and that Plaintiff has largely failed to cure the defects from the initial complaint. Plaintiff is warned that further leave to amend will not be granted without good cause being shown.

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 14) is GRANTED without leave to amend as to Plaintiff's HBOR claims and with leave to amend Plaintiff's wrongful foreclosure, UCL, and cancellation of instruments claims. Plaintiff shall file a Second Amended Complaint within twenty-one days of this Order.

IT IS SO ORDERED.

Dated: **August 25, 2025**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – MATTOS24cv02508.mtd_v4